UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VINCENT KLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00498-JPH-DLP |
| | ) |
| INDIANA PAROLE BOARD, | ) |
| GWENDOLYN M. HORTH Chairman, | ) |
| CRAIG SMITH Parole Officer, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

## I.   Granting *in forma pauperis* status

Mr. Klock's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Klock to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

## II.   Screening

### A. Screening Standard

The Court has the inherent authority to screen Mr. Klock's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a

complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. Complaint

Mr. Klock alleges that his girlfriend, Loretta Manier, was "pulled out of her group" at the Miami County Court House, "given a polygraph," and "asked where [Mr. Klock's] cellphone was." Dkt. 1 at 5; dkt. 2 at 2. Officer Wheeler then "removed it from" Ms. Manier's purse, asked her if there was anything that "wasn't supposed to be" on it, and searched it without permission or a warrant. Dkt. 1 at 5. Defendant Craig Smith took notes during this encounter. *Id.*

Mr. Klock has sued: (1) the Indiana Parole Board, (2) its Chair, Gwendolyn M. Horth, and (3) Parole Officer Craig Smith, for violations of the Fourth Amendment under 42 U.S.C. § 1983. *See id.* at 4. He has not sued

Officer Wheeler who he alleges conducted the search. He seeks $640 million in compensatory and punitive damages. Dkt. 1 at 5.

### 1. Indiana Parole Board

Mr. Klock's claims against the Indiana Parole Board must be **dismissed** because "the Indiana Parole Board is an agency of the State of Indiana and hence not a 'person' subject to suit pursuant to 42 U.S.C. § 1983." *Hudson v. Indiana Parole Bd.*, No. 1:07-CV-1147-DFH-JMS, 2007 WL 2936623, at *1 (S.D. Ind. Oct. 9, 2007); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 2. Gwendolyn Horth

Mr. Klock has also failed to state a claim against Indiana Parole Board Chair Gwendolyn Horth. His complaint does not seek injunctive relief against Ms. Horth in her official capacity, *see Will*, 491 U.S. at 71 n.10 (allowing "official-capacity actions for prospective relief"), and makes no factual allegations that she was "personally responsible for the alleged constitutional violation" in her individual capacity, *Powell v. Town of Georgetown*, 188 F. Supp. 3d 851, 855 (S.D. Ind. 2016); *see Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Therefore, Mr. Klock's claim against Ms. Horth must also be **dismissed.**

### 3. Officer Smith

Mr. Klock alleges that Officer Smith participated in an unlawful search of his cell phone. Liberally construed, his complaint thus states a claim for unreasonable search under the Fourth Amendment in violation of 42 U.S.C.

§ 1983. Therefore, this claim **shall proceed** against Officer Smith.

If Mr. Klock believes that his complaint alleged additional claims not identified in this order, he shall have through **April 21, 2021** to identify those claims.

### III.     Directing Service of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Officer Craig Smith in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate defendants Indiana Parole Board and Gwendolyn Horth from the docket.

**SO ORDERED.**

Date: 3/18/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VINCENT KLOCK
571 East Washington St.
Monticello, IN 47960

CRAIG SMITH
302 W. Washington Street, Room E-334
Indianapolis, IN 46204