UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VINCENT KLOCK, )<br>)<br>Plaintiff, )<br>)<br>v.            ) No. 1:21-cv-00498-JPH-DLP<br>)<br>CRAIG SMITH Parole Officer, )<br>)<br>Defendant. ) | |

**ORDER**

### I.    Plaintiff's Response to Screening Order

At screening, the Court allowed a Fourth Amendment claim against Officer Craig Smith to proceed but dismissed claims against the Indiana Parole Board and Gwendolyn Horth. Dkt. 4. The order gave Mr. Klock until April 21, 2021, to identify any additional claims not cited in the order. *Id.*

On April 16, 2021, Mr. Klock filed a "Supplement to His Complaint" to: (1) renew his claim against the Indiana Parole Board; (2) state a new claim against Gwendolyn Horth in her official capacity; (3) add Officer Wheeler as a new defendant; and (4) seek declaratory judgment as an additional form of relief. *See* dkt. 7.

Mr. Klock argues that the screening order was wrong to conclude that the Indiana Parole Board is not a "person" subject to suit under 42 U.S.C. § 1983. Dkt. 7 at 1–2 ¶ 2. He cites three court decisions about out-of-state governmental entities to support this claim. *See id.* However, the Indiana Parole Board is a division of the Indiana Department of Correction. *See* Ind.

1

Code. § 11-9-1-1. It is therefore "an agency of the State of Indiana and hence not a 'person' subject to suit pursuant to 42 U.S.C. § 1983." *Hudson v. Indiana Parole Bd.*, No. 1:07-CV-1147-DFH-JMS, 2007 WL 2936623, at *1 (S.D. Ind. Oct. 9, 2007); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore his attempt to add back the Indiana Parole Board as a defendant in this action is **DENIED**.

As far as Mr. Klock's attempt to add other defendants, allegations, and claims for relief, Mr. Klock must file an amended complaint by **June 25, 2021**, to make those changes. The **clerk shall** include a blank complaint form with Mr. Klock's copy of this order. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of Mr. Klock's claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The amended complaint must comply with Federal Rule of Civil Procedure 8 by clearly specifying the defendants against whom claims are raised; explaining what each defendant did, and when; and explaining what the plaintiff is seeking. The amended complaint must also include the case number, No. 1:21-cv-00498-JPH-DLP, and "Amended Complaint" on the first page. Finally, the caption "must name all the parties." *See* Fed. R. Civ. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption . . . .").

## II.   Directing Service

The clerk issued process to Defendant Craig Smith on March 22, 2021,

but Mr. Smith has not yet appeared or waived service. The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendant Craig Smith again in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), the March 18, 2021 screening order (dkt. 4), and this order.

**SO ORDERED.**

Date: 5/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VINCENT KLOCK
571 East Washington St.
Monticello, IN 47960

CRAIG SMITH, PAROLE OFFICER
302 W. Washington Street, Room E-334
Indianapolis, IN 46204