UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VINCENT KLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00498-JPH-DLP |
| | ) | |
| CRAIG SMITH Parole Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On March 3, 2021, Vincent Klock filed a complaint against Gwendolyn
Horth, the Indiana Parole Board, and Craig Smith.  Dkt. 1.  After screening the
complaint, the Court allowed a § 1983 claim against Officer Smith to proceed
but found that the complaint failed to state claims against the Indiana Parole
Board and Gwendolyn Horth.  Dkt. 4.  The Court therefore terminated those
two defendants from the docket.  *See id.*

On April 16, Mr. Klock filed a motion to supplement his original
complaint, dkt. 7, and the Court denied that request on May 20, dkt. 8.  In that
order, the Court notified Mr. Klock that, if he wished to proceed with the new
allegations in his supplement, he needed to file an amended complaint that
would completely replace his prior complaint.  *Id.*

On June 24, Mr. Klock filed an amended complaint, which is subject to
screening.  Dkt. 11. Because the Court finds that **all** claims in this amended
complaint must be dismissed, Mr. Klock now has **until August 27, 2021**, to do

1

**one** of the following: **(1)** he may try to show why the current amended complaint should not be dismissed, **or (2)** he may file a motion withdrawing the amended complaint.

If Mr. Klock chooses the first option, then this action will be dismissed without further notice after the deadline unless he shows why his current amended complaint should not be dismissed.  If Mr. Klock chooses the second option, then the original complaint filed March 3, 2021, dkt. 1, which has already been screened, will become operative once again, and his claim against Officer Smith will proceed.

## I.
## Screening

### A. Screening Standard

The Court has the inherent authority to screen Mr. Klock's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").  The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.  *See id.* In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Amended Complaint

In his amended complaint, Mr. Klock lists several defendants but only makes specific allegations against the Indiana Parole Board, stating that it's "liable to Plaintiff for its violation of Plaintiff's Fourth Amendment right to be free of search and seizure of his cell phone without his consent and without a search warrant."  Dkt. 11 at 2–4.

### 1. Indiana Parole Board

"The Indiana Parole Board is an agency of the State of Indiana and hence not a 'person' subject to suit pursuant to 42 U.S.C. § 1983."  *Hudson v. Indiana Parole Bd.*, No. 1:07-cv-1147, 2007 WL 2936623, at *1 (S.D. Ind. Oct. 9, 2007); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the claims against the Indiana Parole Board must be **dismissed.**

### 2. Other Defendants

Mr. Klock has also failed to state any claim against the remaining defendants.  Mr. Klock has named Gwendolyn Horth, "Crig Smith," and "Officer Wheeler" in the amended complaint but has not made any factual allegations against them.  *See* dkt. 11.  Therefore, any claims against these defendants must also be **dismissed**.  *See Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir.

2011) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.") (citation omitted).

## II.
## Conclusion

Mr. Klock has **until August 27, 2021** to either: (1) show cause as to why his amended complaint should not be dismissed, **or** (2) file a motion to withdraw the amended complaint.  To assist Mr. Klock with this, the **clerk is directed** to include a blank filing form with Mr. Klock's copy of this order.

If no response is filed by **August 27, 2021**, Mr. Klock's complaint will be **dismissed** with no further warning.

**SO ORDERED.**

Date: 7/29/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VINCENT KLOCK
571 East Washington St.
Monticello, IN 47960